IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHASUNG LU BACCAM                                                              PLAINTIFF

v.                           Civil No.   11-2065

SHERIFF BILL HOLLENBECK;
and DEPUTY MILLER                                                              DEFENDANTS

**ORDER**

Currently pending before me for decision are the following motions filed by the Plaintiff: (1) a motion to amend the complaint (Doc. 31); (2) a motion for an extension of time (Doc. 34); (3) a motion for an evidentiary hearing (Doc. 37); (4) a motion for judicial disposition (Doc. 41); (5) a motion to unseal a document (Doc. 43); and (6) a motion for appointment of counsel (Doc. 44). Also pending before the Court is a motion to take the Plaintiff's deposition filed by the Defendants (Doc. 38). Each motion will be addressed in turn.

**Motion to Amend the Complaint** (Doc. 31)

Plaintiff seeks to amend the complaint to add Former Sheriff Frank Atkinson and Former Jail Administrator Mike Conger as Defendants. The motion (Doc. 31) is denied. This case was filed on April 6, 2011. Plaintiff has been allowed to amend his complaint to add Deputy Miller as a Defendant (Doc. 22). The amended complaint was filed on April 19, 2012 (Doc. 26). Plaintiff has failed to show any good cause to allow this amendment.

**Motion for an Extension of Time** (Doc. 34)

Plaintiff sought additional time to respond to a motion for judgment on the pleadings filed by Defendants. The motion for an extension of time (Doc. 34) is granted. The response (Doc. 35) filed on September 18, 2012, will be considered to have been timely filed.

AO72A
(Rev. 8/82)

**Motion for an Evidentiary Hearing** (Doc. 37)

This motion is entitled a motion for an evidentiary hearing. However, the body of the motion asks for the production of various documents, photographs, or video footage. The motion (Doc. 37) is denied. However, **Defendants are directed to consider this document as Plaintiff's motion for the production of documents.** If they have not already done so, Defendants should produce any responsive documents within thirty days of the date of this order.

**Motion for Judicial Disposition** (Doc. 41)

In this motion, Plaintiff states the Defendants have failed to provide him with a copy of video footage that in anyway relates to his claims. The motion (Doc. 41) is denied. Defendants have stated that there are no known photographs or video of the Plaintiff during his incarceration at the Sebastian County Detention Center (Doc. 45). The Court cannot make Defendants produce material that does not exist.

**Motion to Unseal a Document** (Doc. 43)

Plaintiff asks that a document relating to the determination that probable cause existed for his arrest in his criminal case to be unsealed pursuant to the Freedom of Information Act. In response, Defendants indicate they have no knowledge regarding any sealed documents. Further, if any sealed documents exist, Defendants state they have no authority to unseal them. The motion (Doc. 43) is denied. The issue of whether there was probable cause to arrest and charge the Plaintiff has no bearing on the issues in this case.

**Motion to Appoint Counsel** (Doc. 44)

Plaintiff asks for the appointment of counsel. This is Plaintiff's second motion requesting appointment of counsel. In the current motion, Plaintiff has not advanced any new

AO72A
(Rev. 8/82)

factors for the Court's consideration that would cause this Court to grant such a motion. Plaintiff has filed a variety of motions on his own behalf, has cited to applicable Federal Rules of Civil Procedure and/or statutes, and has demonstrated a knowledge of the claims he has asserted. Additionally, the Court notes Plaintiff is no longer incarcerated and therefore is not subject to any limitations on his ability to pursue his case. The motion for appointment of counsel (Doc. 44) is denied.

**Motion to Take Plaintiff's Deposition** (Doc. 38)

Defendants seek leave to depose Plaintiff pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure as Plaintiff is an incarcerated person. The motion (Doc. 38) is denied as moot. Plaintiff is no longer incarcerated (Doc. 46).

IT IS SO ORDERED this 9th day of January 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE